# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-0070** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ADAM J. WINDON** | : | |

## ORDER

AND NOW, this 4th day of April, 2012, upon consideration of the sentencing memorandum (Doc. 40) filed by counsel for defendant Adam Windon ("Windon"), wherein counsel objects to the award of any amount of restitution to the individuals asserting restitution claims in this case, and it appearing that pursuant to 18 U.S.C. § 2259, the court shall order restitution for "the full amount of the victim's losses," 18 U.S.C. § 2259, and the court finding that in United States v. Barkley, Criminal No. 1:10-CR-143, 2011 WL 839541 (M.D. Pa. Mar. 7, 2011), this court determined that individuals in the photographs possessed by Windon are victims for purposes of § 2259, id. at *3; see also United States v. Aumais, 656 F.3d 147, 152 (2d Cir. 2011); United States v. Kennedy, 643 F.3d 1251, 1263 (9th Cir. 2011); United States v. Monzel, 641 F.3d 528, 534 (D.C. Cir. 2011); United States v. Wright, 639 F.3d 679 (5th Cir. 2011); United States v. McDaniel, 631 F.3d 1204, 1208 (11th Cir. 2011), and the court further finding that the government must prove by a preponderance of the evidence that the defendant's conduct was the proximate cause of the victims' harm, see Barkley, 2011 WL 839541 at *4; United States v. Crandon, 173 F.3d 122, 125-26 (3d Cir. 1999) (holding that defendant was liable to pay restitution under § 2259 where defendant engaged in "conduct [that] was the proximate cause of the

victim's losses"); see also Aumais, 656 F.3d at 153; Kennedy, 643 F.3d at 1261-63; Monzel, 641 F.3d at 535; McDaniel, 631 F.3d at 1208-09; but see Wright, 639 F.3d at 685 (proof of causal connection between defendant's conduct and victim's losses not required), and it appearing that a restitution hearing on the matter of the appropriate amount of restitution, if any, to be awarded in this case is scheduled to commence on Wednesday, April 18, 2012 at 10:00 a.m., and upon further consideration of the correspondence from the government (Doc. 58), filed on April 3, 2012, wherein the government states that it lacks case-specific documentation to establish proximate cause because the restitution requests of the victims were submitted to the Victim Witness Coordinator in the U.S. Attorney's Office prior to the time Windon was charged in the instant matter, and the government asserting that under the circumstances, the government does not believe that it can establish proximate cause by a preponderance of the evidence, and the court finding that without establishing a causal connection between Windon's conduct and the victims' harm, an award of restitution cannot be sustained, it is hereby ORDERED that:

1. The government's request for restitution on behalf of victims is DENIED.

2. The restitution hearing scheduled for Wednesday, April 18, 2012, at 10:00 a.m. is CANCELLED.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge